Filed 9/29/22  P. v. Solwa CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060241 |
| v. | (Super. Ct. No. 18HF0657) |
| SETH SOLWA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed as modified.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Eric A. Swenson and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

Seth Solwa appeals from a judgment entered after a jury found him guilty of domestic battery. The parties agree the trial court's imposition of certain fees in connection with its grant of probation should be vacated based upon recent legislation. We agree and reverse and remand with directions regarding the fees. We affirm the judgment in all other respects.

FACTS

In 2017, Solwa was involved in an altercation with his then girlfriend, whose body struck a bench resulting in a fractured rib. In 2018, he was charged in a criminal complaint with domestic battery resulting in corporal injury (Pen. Code, § 273.5, subd. (a)) and, as a sentencing enhancement, inflicting great bodily injury in the commission of the battery (Pen. Code, § 12022.7, subd. (e)). After the trial court issued a warrant for Solwa's arrest, he appeared in court and pleaded not guilty.

In 2020, Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 92) (AB 1869) was enacted. Relevant to Solwa's contentions in this appeal, the bill restructured rules for fees that could be imposed on convicted defendants to reimburse costs for "booking or otherwise processing" the defendants, pursuant to former Government Code section 29550, subdivision (c). (Stats. 2020, ch. 92, §§ 22-25.) Relevant here, the bill also established that after June 2021, any portion of a judgment containing an unpaid balance for a previously imposed booking fee should be vacated. (Gov. Code, § 6111, subd. (a).)

In February 2021, the jury found Solwa not guilty of the charged felony but convicted him of a lesser included misdemeanor of domestic battery. (Pen. Code, § 243, subd. (e)(1).) At an April 2021 sentencing hearing, the trial court placed Solwa on informal probation for three years. As conditions of his probation, the court ordered Solwa to serve 180 days in county jail and pay restitution in an amount to be determined.

2

At the same sentencing hearing, the trial court also ordered Solwa to pay, among other fees, the following: a booking fee pursuant to former Government Code section 29550, subdivision (c), to be specified after receiving information from the criminal justice facility that initially processed Solwa; a $35 installment fee pursuant to former Penal Code section 1205, subdivision (e), and former Vehicle Code section 40510.5; and an administrative fee for restitution pursuant to former Penal Code section 1203.1, subdivision (*l*), unspecified in amount according to the record presented.

In September 2021, Assembly Bill No. 177 (2021-2022 Reg. Sess.) (AB 177) was enacted. Relevant to this appeal, the bill established an eventual elimination of trial court authority to impose administrative fees pursuant to former Penal Code section 1203.1 (Stats. 2021, ch. 257, §§ 21, 22 [restitution administrative fees]), as well as installment fees pursuant to former Penal Code section 1205 (*id.*, §§ 31, 32 [installment fees]), and former Vehicle Code section 40510.5, subdivision (g) (*id.*, §§ 43, 44 [installment fees]). AB 177 also rendered any unpaid balance of the fees unenforceable and uncollectible after 2021, and requires any remaining portion of a judgment imposing the fees to be vacated. (Pen. Code, § 1465.9, subd. (b); Veh. Code, § 42240.)

## DISCUSSION

In their briefing, the parties agree the three noted fees should be vacated based on the effects of AB 1869 and AB 177. We agree. According to the plain language of Government Code section 6111 and Penal Code section 1465.9, subdivision (b), unpaid balances remaining for the fees are no longer enforceable or collectible, and the portions of the judgment against Solwa including the fees must be vacated.

3

Solwa's sentence is vacated to the extent it includes a balance unpaid as of July 1, 2021, for the booking fee imposed pursuant to former Government Code section 29550, subdivision (c). Solwa's sentence is also vacated to the extent it includes any balances unpaid as of January 1, 2022, for fees imposed pursuant to former Penal Code sections 1203.1 and 1205, as well as former Vehicle Code section 40510.5. The trial court clerk is directed to address the probation department's records accordingly. In all other respects, the judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.

4